**WANDELL v. MORLEY.**

No. 3264.

District Court, M. D. Pennsylvania.

Aug. 8, 1933.

Schrier & Vallilee, of Athens, Pa., for plaintiff.

Mills & O'Connor, of Sayre, Pa., for defendant.

On Petition and Rule Thereon to Require Plaintiff to Enter Security for Costs.

JOHNSON, District Judge.

This is a petition and rule thereon to require the plaintiff to enter security for costs on the grounds that the plaintiff resides outside of Pennsylvania.

There is no rule of court, nor act of Congress, nor law of Pennsylvania, which requires a plaintiff to give security for costs on the mere ground that he is a nonresident of Pennsylvania. Sermons v. Kansas City Southern Rwy. Co. (D. C.) 11 F.(2d) 671. The residence of the plaintiff, which in this case constitutes diversity of citizenship, is one element necessary to give jurisdiction to the federal court. To require the plaintiff to give security for costs because he resides in another state might deprive him of his right to bring his case and prosecute it in this District Court of the United States.

The petition is dismissed, and the rule thereon is discharged.

On Petition and Rule Thereon for More Specific Statement.

This is a petition and rule thereon for a more specific statement. Upon examination of the plaintiff's statement and petition, the court is of the opinion that paragraphs 14 and 15 are not sufficiently specific and should be amended as follows: Paragraph 14 should specify the items and amounts expended for counsel and for the procuring of witnesses. Paragraph 15 should specify the nature, place, and time of plaintiff's employment and the time of discharge. The other paragraphs in the plaintiff's statement of claim are reasonably specific.

The record shows that the petition for a more specific statement was filed within fifteen days from the date of the service of the statement of claim, and the court allowed the defendant until May 15, 1933, to serve the notice, and that on May 12, 1933, service of the petition was accepted; that was sufficient.

Section 21 of the Pennsylvania Practice Act of 1915, P. L. 483, as amended by the Act of May 23, 1923, P. L. 325, § 1 (12 PS § 491), provides that the motion to strike from the record any such pleading must be filed and served within fifteen days from the date of the service of such pleading, but this fifteen-day restriction of service in section 21 applies only to motions to strike off and not to motions for a more specific statement.

The petition for a more specific statement is sustained, and the rule granted thereon is made absolute as to paragraphs 14 and 15 of plaintiff's statement, as indicated above.